The STATE of Ohio, Appellee,

v.

DEAN, Appellant.

[Cite as *State v. Dean,* 149 Ohio App.3d 93, 2002-Ohio-4203.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 01CA–A–10–055.

Decided Aug. 9, 2002.

---

W. Duncan Whitney, Delaware County Prosecuting Attorney, for appellee.

James L. Dean, for appellant, pro se.

EDWARDS, Judge.

{¶ 1}   Defendant-appellant James L. Dean appeals from the October 9, 2001 judgment entry of the Delaware County Court of Common Pleas that denied appellant's motion to access the evidence for purposes of DNA testing and a motion for appointment of counsel and DNA expert.

## STATEMENT OF THE FACTS AND CASE

{¶ 2}   Appellant was indicted by the Delaware County Grand Jury on two counts of rape, by force or threat of force, alleging that the two different victims were both less than thirteen years of age at the time of the offense, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05.   The allegations arose from the alleged sexual molestation of appellant's two minor stepdaughters.   However, the DNA testing at issue relates only to one of the victims.

{¶ 3}   The matter proceeded to trial;   however, the first trial resulted in a mistrial in June 1991.   In a second trial in August 1991, appellant was convicted of one count of rape, in violation of R.C. 2907.02, and two counts of gross sexual

imposition, in violation of R.C. 2907.05. Appellant was sentenced to life in prison on the count of rape and to two years in prison on each count of gross sexual imposition. The sentences were ordered to be served consecutively to each other.

{¶ 4} Appellant appealed these convictions to this court and the Ohio Supreme Court. Both courts upheld appellant's convictions.

{¶ 5} On September 20, 1996, appellant filed a pro se petition for postconviction relief. Counsel was appointed for appellant. Appointed counsel filed a supplemental memorandum in support of appellant's petition for postconviction relief. Subsequently, on October 26, 1996, appellant's petition for relief was dismissed by the trial court upon a finding that appellant's claims were barred as res judicata. Appellant did not immediately appeal that judgment entry but filed a motion for delayed appeal on October 11, 1998. That motion was denied by this court on September 29, 1998.

{¶ 6} On August 22, 2001, appellant filed a motion to access the evidence for purposes of DNA testing. Appellant also filed a motion for appointment of counsel and DNA expert. By judgment entry filed October 9, 2001, the trial court denied appellant's motion to test the evidence and implicitly overruled appellant's motion for the appointment of counsel and a DNA expert.

{¶ 7} It is from the October 9, 2001 judgment entry that appellant appeals, raising the following assignment of error:

{¶ 8} "The trial court erred by abusing its discretion in dismissing appellant's petition where competent and credible evidence existed by way of res judicata violating appellant's statutory and constitutional rights."

{¶ 9} In appellant's motion to access evidence for purposes of DNA testing, appellant seeks postconviction relief, arguing that he has a right to test the rape kit from an examination of the victim and that he has new "exculpatory" evidence that was found in one of the victim's medical records that was not admitted into evidence. Appellant contends that this "exculpatory" evidence was withheld by the state at the time of trial. See *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

{¶ 10} Pursuant to R.C. 2953.21, a defendant is entitled to postconviction relief only upon a showing of a violation of constitutional dimension that occurred at the time that the defendant was tried and convicted. *State v. Powell* (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16. Appellant's claim for DNA testing fails to fall within the purview of the limited type of claims allowable under R.C. 2953.21—constitutional deprivations that occurred at trial. See *State v. Nelson* (Sept. 21, 2000), Cuyahoga App. No. 77094, 2000 WL 1369865. Instead, the claim is more in the nature of a request for discovery. *State v. Wogenstahl* (June 12, 1998), Hamilton App. No. C–970238, 1998 WL 306561. Ohio law is clear

that discovery is not available in the initial stages of a postconviction proceeding. *State v. Mason* (Oct. 03, 2001), Ashland App. No. 01COA01423, 2001 WL 1913877, citing *State v. Byrd* (2001), 145 Ohio App.3d 318, 762 N.E.2d 1043. As noted by this court in *State v. Sherman* (Oct. 30, 2000), Licking App. No. 00CA39, 2000 WL 1634067: "A petition for post-conviction relief is a civil proceeding. *State v. Milanovich* (1975), 42 Ohio St.2d 46 [325 N.E.2d 540]. However, the procedure to be followed in ruling on such a petition is established by R.C. 2953.21. * * * Further, the extent of the trial court's jurisdiction [to grant requests for discovery] is set forth by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority. *State v. Lundgren* (Dec. 18, 1998), Lake App. No. 97–L–110, unreported [1998 WL 964592]." Accordingly, since, based on the foregoing, the trial court lacks jurisdiction to grant discovery motions that are filed after conviction, appellant's argument for DNA testing fails.

{¶ 11} The information that appellant relies upon as "newly discovered" was available at the time of trial, in some form, and was admitted into evidence at trial, albeit not in written form.[1] In his motion to access evidence, appellant provided the trial court with a copy of the victim's medical record. The medical record indicates that, when examined at the hospital, the victim denied that she was sexually abused by her stepfather and claimed that she was sexually abused by her natural father when she was seven years of age. Appellant claims that this is evidence the state withheld at the time of trial.

{¶ 12} However, the trial transcript indicates that the victim was cross-examined as to whether she had stated to a doctor at the hospital, at the time she was examined, that she was not sexually abused by her stepfather and that she was abused by her natural father when she was seven years old. The victim was 12 years of age at the time she was examined at the hospital. At trial, the victim admitted that she made such a statement but claimed that she was lying then and that her natural father did not abuse her. At trial, the victim testified that appellant had sexually abused her. Therefore, it appears that the information found in the medical record was available to appellant at the time of the trial and that the medical record is cumulative to the evidence adduced at trial.

{¶ 13} In conclusion, we find that the trial court did not commit error when it denied appellant's motion to access the evidence for purposes of DNA testing. Further, appellant's assertion that the trial court erred in not appointing counsel or a DNA expert is meritless. A petitioner in a postconviction proceed-

---

1. The state's response to appellant's demand for discovery indicates that the victim's medical records were provided to appellant. However, the record does not include a copy of those medical records.

ing is not entitled to the appointment of either an attorney or an expert witness to assist in discovery. *State v. Garner* (Dec. 19, 1997), Hamilton App. No. C–960995, 1997 WL 778982, citing *Ake v. Oklahoma* (1985), 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53; *State v. Crowder* (1991), 60 Ohio St.3d 151, 573 N.E.2d 652; *See State v. Yost* (May 4, 2001), Licking App. No. 00CA104, 2001 WL 498735. The appointment of counsel and/or a DNA expert was relevant only if the trial court determined that the allegations in his postconviction motions warranted evidentiary hearings. *Yost,* supra. Therefore, because we found no error in denying appellant's postconviction motion, there was no error in failing to appoint counsel and DNA expert.

{¶ 14} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

FARMER and BOGGINS, JJ., concur.