JOURNAL ENTRY and OPINION
{¶ 1} Appellant Percy Hutton appeals the trial court's dismissal of his petition for postconviction relief. The historical facts of this case are set forth sufficiently inState v. Hutton (1990), 53 Ohio St.3d 26. In this appeal, Hutton assigns nine errors,[1] seven are barred by res judicata; consequently we confine our discussion to the following assigned errors:
 {¶ 2} "I. The trial court erred to the substantial prejudice of the petitioner by summarily dismissing his post-conviction [sic] petition without affording him an evidentiary hearing or allowing discovery."
 {¶ 3} "VII. Ohio's post-conviction [sic] system does not comply with the requirements of due process as guaranteed by theFifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitu-tion."
 {¶ 4} Having reviewed the record and the legal arguments of the parties, we affirm the trial court's judgment. The apposite facts relevant to the above assigned errors follow.
 {¶ 5} As part of Hutton's postconviction relief petition, he attached thirteen affidavits. Eleven affidavits were from family and friends who swore Hutton was a good person, who knew karate, and taught it to their children.
 {¶ 6} One affidavit was from Samuel Simmons, Sr., the father of one of the victims. Simmons averred his son Samuel, Jr. told him Hutton did not kill anyone. Simmons swore to this although he failed to testify to this at trial.
 {¶ 7} Affiant Helen Corley, Hutton's mother, averred that Samuel Simmons, Jr. told her Hutton did not shoot him. She was not called as a witness at trial.
 {¶ 8} Upon reviewing these affidavits, the trial court denied Hutton's petition without a hearing. Hutton now appeals.
 {¶ 9} In his first assigned error, Hutton argues the trial court erred when it failed to hold an evidentiary hearing or allow discovery.
 {¶ 10} A hearing on a petition for postconviction relief is governed by R.C. 2953.21(C), which provides in pertinent part:
 {¶ 11} "Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
 {¶ 12} A criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing.[2] The trial court has a statutorily imposed duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing.[3] A petition for post-conviction relief may be dismissed without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.[4] The test to be applied is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and the files and records of the case.[5]
 {¶ 13} Hutton argues the affidavits attached to his postconviction relief petition were sufficient to warrant an evidentiary hearing under R.C. 2953.21(C) and the trial court erroneously evaluated the credibility of the affiants in deciding not to grant an evidentiary hearing. In its March 29, 1999 journal entry, the trial court stated the affidavits Hutton submitted with his petition were specious and totally inadequate to substantiate a substantive ground for relief.[6]
 {¶ 14} The United States Supreme Court has held that in state appellate review, fact finding based on a record review can be adequate to afford a full and fair hearing within the meaning of Section 2254(d), Title 28, U.S. Code.[7] Federal circuit courts additionally have held that findings of fact by state trial courts may benefit from the presumption of correctness even when they have determined credibility based solely on a paper hearing.[8]
 {¶ 15} In State v. Calhoun,[9] the Supreme Court of Ohio states the following regarding the review of accompanying affidavits:
 {¶ 16} "1. In reviewing a petition for post conviction [sic] relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.
 {¶ 17} "2. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post conviction [sic] relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."
 {¶ 18} Further, the Calhoun court held in "assessing the credibility of affidavit testimony," trial courts "should consider all relevant factors" including the following:
 {¶ 19} "(1) whether the judge reviewing the post conviction [sic] relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony."[10]
 {¶ 20} In the case at bar, a review of the record reveals Hutton submitted thirteen affidavits from family and friends who all claim Hutton is a good man. Several of the affidavits rely on hearsay. More than half of the affiants claimed they were available to testify, but were never called.
 {¶ 21} None of these affidavits establish a substantive ground for relief. Consequently, the trial court's paper hearing and determination of credibility was correct.
 {¶ 22} Hutton also asserts he was entitled to discovery. Although a postconviction relief proceeding under R.C. 2953.21 is civil in nature, the extent of the trial court's jurisdiction is set forth by the statute, and the petitioner is not entitled to discovery in the initial stages of a postconviction proceeding.[11] Furthermore, "the power to conduct and compel discovery under the civil rules is not included within the trial court's statutorily defined authority."[12]
Consequently, Hutton's assigned error is overruled.
 {¶ 23} In his seventh assigned error, Hutton contends Ohio's postconviction system does not comply with the requirements of due process as guaranteed by the Fifth, Sixth, Eighth, andFourteenth Amendments to the United States Constitution. He argues it fails to provide an individual with any meaningful opportunity to redress a wrongful conviction. We are unpersuaded by Hutton's argument.
 {¶ 24} In 1965, the General Assembly of Ohio enacted four new sections in the Criminal Code of Ohio, namely, Sections 2953.21,2953.22, 2953.23 and 2953.24. This enactment provided an opportunity for any person convicted of a criminal offense to apply directly to the trial court which imposed sentence, stating the grounds relied upon and asking the trial court to vacate or set aside the sentence.[13] R.C. 2953.21 et seq was enacted to provide "a new procedure" to make available "the best method of protecting constitutional rights of individuals, and, at the same time, provide a more orderly method of hearing such matters."[14]
 {¶ 25} A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judg-ment.[15] It bears emphasis that state postconviction review is not a constitutional right.[16]
Postconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal.[17]
 {¶ 26} Notwithstanding the narrow focus of the postconviction review under R.C. 2953.21, we believe this remedy provides adequate safeguards to protect the constitutional rights of individuals convicted of a criminal offense. Accordingly, Hutton's seventh assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and McMonagle, J., concur.
 APPENDIX {¶ 27} ASSIGNMENTS OF ERROR:
 {¶ 28} "I. The trial court erred to the substantial prejudice of the petitioner by summarily dismissing his post-conviction [sic] petition without affording him an evidentiary hearing or allowing discovery."
 {¶ 29} "II. The appellant was denied effective assistance of counsel in the guilt-innocence phase of the trial."
 {¶ 30} "III. The failure of the state to provide exculpatory evidence deprived the appellant his rights under the Fifth,Sixth, Eighth, and Fourteenth Amendments to the United States Constitution."
 {¶ 31} "IV. The trial court erred by allowing into evidence other acts testimony that was not inextricably connected to the offense."
 {¶ 32} "V. Ineffective assistance of trial at the penalty phase of trial deprived the appellant of his rights established under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution."
 {¶ 33} "VI. The trial court erred by failing to grant the appellant's motions for discovery, an investigator and an expert assistance."
 {¶ 34} "VII. Ohio's post-conviction [sic] system does not comply with the requirements of due process as guaranteed by theFifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution."
 {¶ 35} "VIII. The appellant's convictions and/or sentence are void or voidable because the State of Ohio on direct appeal failed to prove beyond a reasonable doubt that any constitutional error which occurred during appellant's trial did not contribute to the conviction and sentence of the appellant."
 {¶ 36} "IX. The petitioner's sentence is void or voidable under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution. The petitioner's sentence of death is other defendants throughout the State of Ohio similarly charged. Ohio courts do not engage in effective proportionality review as is required by statute."
[1] See Appendix.
[2] State v. Cole (1982), 2 Ohio St.3d 112; State ex rel.Jackson v. McMonagle (1993), 67 Ohio St.3d 450.
[3] R.C. 2953.21(C); State v. Cole (1982), 2 Ohio St.3d 112,113; see, also, State v. Kapper (1983), 5 Ohio St.3d 36; Statev. Carpenter (1996), 116 Ohio App.3d 292, 295.
[4] State v. Jackson (1980), 64 Ohio St.2d 107; State v.Apanovitch, 107 Ohio App.3d 82 at 98; State v. Shugar (May 21, 1995), Cuyahoga App. No. 62536.
[5] State v. Strutton (1988), 62 Ohio App.3d 248, 251.
[6] Journal entry at P. 9.
[7] Sumner v. Mata (1981), 449 U.S. 539, 545-546,101 S.Ct. 764, 768, 66 L.Ed.2d 722, 730.
[8] Buxton v. Lynaugh (C.A. 5, 1989), 879 F.2d 140, 142.
[9] 86 Ohio St.3d 279, paragraphs one and two of the syllabus.
[10] Calhoun at 285, citing State v. Moore (1994),99 Ohio App.3d 748, 754-756.
[11] State v. Dean, 149 Ohio App.3d 93, 2002-Ohio-4203.
[12] Id. at p. 96, citing State v. Lundgren (Dec. 18, 1998), Lake App. No. 97-L-110.
[13] Kott v. Maxwell (1965), 3 Ohio App.2d 337.
[14] Id.
[15] See State v. Crowder (1991), 60 Ohio St.3d 151.
[16] Id.
[17] State v. Duling (1970), 21 Ohio St.2d 13; State v.Perry (1967), 10 Ohio St.2d 175.