[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Relator seeks a writ of quo warranto to compel respondents, Judge W. Richard Walton and Lawrence County Prosecutor J.B. Collier, Jr., to show by what right of office they proceeded to prosecute and convict him for aggravated burglary and intimidation. Relator argues that respondents lacked legal authority to act because no affidavit charging a criminal violation exits in the case in which he was convicted. For the reasons that follow, we DISMISS relator's petition.
 {¶ 2} First, quo warranto, as with other extraordinary writs, will not issue if there is or was an adequate remedy in the ordinary course of law. State ex rel. Fogle v. Carlisle, 99 Ohio St.3d 46, 2003-Ohio-2460, at ¶ 9. In this case, direct appeal afforded relator such a remedy. See, e.g., State ex rel. Johnson v. Talikka, 71 Ohio St.3d 109,1994-Ohio-260.
 {¶ 3} Second, the relief afforded by quo warranto when the right of a public officer to hold office is challenged is ouster of the usurper, not invalidation of his actions taken while in office. Accordingly, even if relator could somehow show that respondents lacked legal title to their respective offices, they were doubtless de facto officers whose acts would be valid as to the public and third parties. State ex rel. Paul v.Russell (1954), 162 Ohio St. 254, 257-258.
 {¶ 4} Third, assuming relator could establish his claim that there was no jurisdiction to try and convict him, this fact would not divest respondents of their respective offices. There is no statute or other rule of law prescribing forfeiture of office for prosecuting and trying a case where the court has not technically obtained jurisdiction. Therefore, a writ of quo warranto would not be appropriate.
 {¶ 5} Fourth, only the Attorney General, a prosecuting attorney, or a private citizen claiming title to the office may file such an action.Lutz/Kelly v. Faver, Cuyahoga App. No. 82393, 2003-Ohio-659. Relator does not claim title to any of these offices.
 {¶ 6} Fifth, quo warranto is a civil action; relator is an inmate at the Chillicothe Correctional Institution; and respondents are public employees. Under R.C. 2969.25(A), then, relator was required to file with his petition an affidavit describing his previous civil actions and appeals of civil actions against government entities within the preceding five years. Relator has not complied with this mandate. Instead, he has filed a motion asking us to waive that requirement because he believes quo warranto should not be considered a civil action subject to R.C.2969.25(A), and because the federal Prison Litigation Reform Act does not apply a similar disclosure requirement to federal habeas corpus cases. This court already has rejected these same arguments, see State ex rel.Dotson v. Lane, Washington App. No. 04CA50 and State ex rel. Barth v.Lane, Washington App. No. 04CA51, and does so again.
 {¶ 7} Sixth, relator has filed an affidavit of indigency and asked this court to waive the cost deposit required by Loc.R. 3(A). R.C.2969.25(C) requires an inmate to submit a statement of the balance of his prison account for each of the preceding six months, verified by the institutional cashier. Relator has not fulfilled this requirement. As a result, the petition must be dismissed. State ex rel. Qualls v. Story,104 Ohio St.3d 343, 2004-Ohio-6565.
 {¶ 8} We recognize that a court should not sua sponte dismiss a complaint without notice unless the complaint is frivolous or the claimant obviously cannot prevail on the facts presented in the complaint. State ex rel. Kralik v. Zwelling, 101 Ohio St.3d 134,2004-Ohio-301, at ¶ 8. Here, we find that this attempted use of the extraordinary writ of quo warranto is so utterly devoid of any reasonable legal foundation and so utterly ignores established principles concerning the writ to be frivolous. Moreover, as discussed above, relator obviously cannot prevail on the facts presented. Therefore, the petition isDISMISSED SUA SPONTE WITH PREJUDICE. SO ORDERED.
 PETITION DISMISSED. COSTS TO RELATOR.
Abele, P.J., Kline, J.: Concur.