DECISION AND JUDGMENT ENTRY
{¶ 1} On March 1, 2005, relator, Jose A. Valdez, instituted an original action in quo warranto, in which he asked this court to compel respondents, Judge Paul C. Moon and Ottawa County Prosecutor Mark E. Mulligan, to show by what right of office they "willfully and knowingly prosecuted unlawfully the Relator in the matter entitled State of Ohio v. Jose A. Valdez, Cases Number 88-CR-108 and 89-CR-97, in the Ottawa County Court of Common Pleas." The same day, relator filed a motion to waive the requirements of R.C. 2969.25. On March 10, 2005, we issued a decision and judgment entry ordering relator to file a praecipe pursuant to 6th Dist.Loc.App.R.6, which was filed on March 17, 2005.
 {¶ 2} Pursuant to R.C. 2969.25, when filing a civil action against a governmental entity, a claimant must file an affidavit describing his previous civil actions and appeals of civil actions against government entities within the preceding five years. Ohio courts have found that the requirements of R.C. 2969.25 cannot be waived in an action for quo warranto. State ex rel. Thacker, 4th Dist. No. 05CA6, 2005-Ohio-793, ¶ 6. Accordingly, relator's motion for waiver of the requirements of R.C.2969.25 is not well-taken and is denied.
 {¶ 3} Relator's application for a writ of quo warranto is dismissed, sua sponte, for failure to comply with R.C. 2969.25. See State ex rel.Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421. Costs are assessed to relator.
Writ Dismissed.
Singer, P.J., Skow, J., Parish, J., Concur.