JOURNAL ENTRY and OPINION
{¶ 1} In 1989, a jury convicted appellant, John R. Tiedjen ("appellant"), of murder and the trial court sentenced him to 15 years to life in prison. This court affirmed appellant's conviction and sentence. See State v. Tiedjen (Feb. 7, 1991), Cuyahoga App. No. 57996, appeal dismissed by State v. Tiedjen (1991), 61 Ohio St.3d 1419, 574 N.E.2d 1090.
 {¶ 2} Approximately 13 years later, appellant filed a series of postconviction motions with the trial court — one seeking additional discovery, another seeking leave to file a motion for new trial, and yet another seeking to "retain blood evidence collected at the scene of the crime for testing of DNA evidence at the defendant's expense." All of these postconviction motions were denied; however, appellant only appeals the trial court's denial of his motion to retain blood evidence for the purposes of DNA testing.
 {¶ 3} Appellant cites two assignments of error. First, appellant argues that the trial court erred when it denied his motion to retain blood evidence for the purposes of DNA testing. In particular, he asserts that his motion was merely a request that the trial court not act in accordance with Sup.R. 26.03(F)(5), which provides that the trial court retain the record in this case for 12 years. Because 12 years had long passed since appellant's conviction and sentence were affirmed, appellant maintains that the trial court erred in denying his request, especially when he averred that he was willing to pay for the DNA testing at his own expense and the motion was supported by a professor who concluded in a report that appellant could not have murdered the victim.
 {¶ 4} Second, appellant argues that he was denied due process when the trial court denied his motion without considering the professor's report and giving him an evidentiary hearing. Appellant contends that his constitutional right to be heard was violated. Appellant's arguments are without merit.
 {¶ 5} The records retention schedule for the courts of common pleas is provided in the Rules of Superintendence for the Courts of Ohio. The record includes all documents received by the court of common pleas and includes exhibits admitted into evidence. See Sup.R. 26(B)(6) and (F). In particular to this appeal, Sup.R. 26.03(F)(5) provides as follows:
 {¶ 6} "Any case file not listed in division (F) of this rule shall be retained for twelve years after the final order of the general division. Documents within a case file admissible as evidence of a prior conviction in a criminal proceeding shall be retained for fifty years after the final order of the general division."
 {¶ 7} Although appellant is requesting the trial court to retain blood evidence, appellant has failed to show that the trial court has, in its possession, any blood evidence or that the blood evidence was an exhibit admitted into evidence at his trial. Without such a showing that the blood evidence is part of the "record" scheduled for destruction by the trial court or an exhibit admitted during trial, appellant's motion to retain blood evidence was properly denied by the trial court.
 {¶ 8} In addition, appellant's motion, styled as a petition for postconviction relief, was filed well after the 180 days from the date the trial transcript was filed in this court. R.C. 2953.21(A)(2). Notwithstanding the time violation, appellant's motion does not provide a ground for postconviction relief. Appellant has failed to assert that a constitutional violation occurred at trial. In accordance with R.C.2953.23(A)(1)(b), appellant must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the [appellant] guilty" of murder. Appellant's motion to retain blood evidence for future DNA testing "fails to fall within the purview of the limited type of claims allowable under R.C. 2953.21 — constitutional deprivations that occurred at trial." State v. Dean,149 Ohio App.3d 93, 2002-Ohio-4203, ¶ 10 776 N.E.2d 116; see, also,State v. Nelson (Sept. 21, 2000), Cuyahoga App. No. 77094. Such a claim is more in the nature of a request for discovery which, according to clear Ohio law, does not require a trial court to compel. State v. Byrd
(2001), 145 Ohio App.3d 318, 332, 762 N.E.2d 1043 ("trial courts are not statutorily required to compel discovery so that a petitioner may gather evidence to prove that an evidentiary hearing is warranted on his postconviction petition"); Dean, 2002-Ohio-4203 at ¶ 10 ("discovery is not available in the initial stages of a postconviction proceeding.") Because appellant's motion to retain blood evidence fails to assert a constitutional violation that occurred at trial, the trial court properly denied his request.
 {¶ 9} Furthermore, appellant was properly denied an evidentiary hearing on his motion to retain blood evidence as he failed to "set forth sufficient operative facts to establish substantive grounds for relief."Byrd, 145 Ohio App.3d at 329. Because an evidentiary hearing is not automatic in a petition for postconviction relief, the trial court did not abuse its discretion when it denied appellant's unsubstantiated motion to retain blood evidence without an evidentiary hearing. Thus, appellant's first and second assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Rocco, J., concur.