JOURNAL ENTRY AND OPINION
{¶ 1} John Dooley has filed a complaint for a writ of mandamus. Dooley seeks an order from this court, which requires the Cuyahoga County Court of Common Pleas to compel the Cuyahoga County Prosecutor to provide discovery with regard to a petition for postconviction relief that was filed in State v. Dooley, Cuyahoga County Court of Common Pleas Case No. CR-418300. For the following reasons, we grant the joint motion for summary judgment that was filed by the Cuyahoga County Court of Common Pleas and the Cuyahoga County Prosecutor.
 {¶ 2} Initially, we find that Dooley's complaint for a writ of mandamus is procedurally defective. Dooley has failed to comply with the requirements of R.C. 2969.25(C), which mandates a statement of the balance of his prison account, as verified by the institutional cashier, for each of the preceding six months. State ex rel. Grissom v.McGookey, 108 Ohio St.3d 491, 2006-Ohio-1506, 844 N.E.2d 841; State exrel. Pamer v. Collier, 108 Ohio St.3d 492, 2006-Ohio-1507,844 N.E.2d 842; State ex rel. Thacker v. Walton, Lawrence App. No. 05CA6,2005-Ohio-793. In addition, Dooley has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that his complaint for a writ of mandamus must be supported by an affidavit that specifies the details of the claim. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} Notwithstanding the aforesaid procedural defects, we find that Dooley has failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Dooley must establish that: (1) he possesses a clear legal right to discovery from the Cuyahoga County Prosecutor; (2) the Cuyahoga County Court of Common Pleas possesses a clear duty to compel discovery; (3) the Cuyahoga County Prosecutor processes a clear duty to provide the requested discovery; and (4) there exists no adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel. National City Bank v. Bd.of Edn. (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200. Herein, Dooley possesses no legal right to discovery vis-a-vis his petition for postconviction relief.
 {¶ 10} Pursuant to R.C. 2953.21, a defendant is entitled to postconviction relief only upon a showing of a violation of constitutional dimension that occurred at the time that the defendant was tried and convicted. State v. Powell (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16. * * * Ohio law is clear that discovery is not available in the initial stages of postconviction proceedings. State v. Mason (Oct. 03, 2001), Ashland App. No. 01COA01423, 2001 WL 1913877, citing State v. Byrd (2001), 145 Ohio App.3d 318, 762 N.E.2d 1043. As noted by this court in State v. Sherman (Oct. 30, 2000), Licking App. No. 00CA39, 2000 WL 1634067: "A petition for postconviction relief is a civil proceeding. State v. Milanovich (1975), 42 Ohio St.2d 46 [325 N.E.2d 540]. However, the procedure to be followed ruling on such a petition is established by R.C. 2953.21 * * * Further, the extent of the trial court's jurisdiction [to grant requests for discovery] is set forth by R.C. 2953.21, and the power to conduct and compel discovery under the Civil rules is not included within the court's statutorily defined authority. State v. Lundgren (Dec. 18, 1998), Lake App. No. 97-L-110, unreported [1998 WL 964592]." Accordingly, since, based on the foregoing, the trial court lacks jurisdiction to grant discovery motions that are filed after conviction, appellant's argument for DNA testing fails.
State v. Dean, 149 Ohio App.3d 93, 95, 2002-Ohio-4203, 776 N.E.2d 116.
 {¶ 4} See, also, State v. Tiedjen, Cuyahoga App. No. 85674,2005-Ohio-4989, and State v. Hutton, Cuyahoga App. No. 76348,2004-Ohio-3731, wherein this court held that a trial court is not statutorily required to compel discovery so that a petitioner may gather evidence to prove that an evidentiary hearing is warranted on his postconviction petition.
 {¶ 5} Accordingly, we find that Dooley has failed to establish that he possesses a right to discovery, that the Cuyahoga County Court of Common Pleas possesses any duty to order discovery, and that the Cuyahoga County Prosecutor possesses any duty to provide the requested discovery. The joint motion for summary judgment is granted. Costs to Dooley. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ denied.
COLLEEN CONWAY COONEY, J., and KENNETH A. ROCCO, J., CONCUR