[Cite as *State v. Hutton*, 2022-Ohio-4509.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                                No. 111432

    v.                              :

PERCY HUTTON,                           :

    Defendant-Appellant.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-85-203416-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee*.

The Law Office of Michael J. Benza, Inc., and Michael J. Benza, *for appellant*.

CORNELIUS J. O'SULLIVAN, JR., J.:

**{¶ 1}** Defendant-appellant Percy Hutton appeals the trial court's denial of his petition for postconviction relief and his motion for leave to file a motion for new trial. After a thorough review of the law and the facts, we affirm.

**{¶ 2}** Briefly and procedurally, in 1986, a jury convicted appellant of two counts of aggravated murder with gun, mass murder, and felony murder specifications; two counts of kidnapping with gun specifications; and one count of attempted murder with gun and violence specifications. The jury subsequently recommended appellant receive the death penalty and the trial court imposed a sentence of death.[1]

**{¶ 3}** Appellant appealed his conviction, and this court reversed and remanded the case for a new trial; however, the Ohio Supreme Court reversed this court's decision and remanded the case. *State v. Hutton*, 8th Dist. Cuyahoga No. 51704, 1988 Ohio App. LEXIS 1697 (Apr. 28, 1988), and 53 Ohio St.3d 36, 559 N.E.2d 432.

**{¶ 4}** Appellant also sought relief in federal court. He filed a habeas petition, which the district court denied. *Hutton v. Mitchell*, N.D.Ohio No. 1:05CV2391, 2013 U.S. Dist. LEXIS 80443 (June 7, 2013). On appeal, the Sixth Circuit granted a conditional writ of habeas corpus, but the United States Supreme Court reversed.

---

[1] For a full recitation of the facts of this case, *see State v. Hutton*, 53 Ohio St.3d 36, 559 N.E.2d 432 (1990).

*Hutton v. Mitchell*, 839 F.3d 486 (6th Cir.2016), and *Jenkins v. Hutton*, 582 U.S.\_\_, 137 S.Ct. 1769, 198 L.Ed.2d. 415 (2017).

{¶ 5} In 1996, appellant filed his first postconviction petition. The trial court dismissed the petition, and appellant appealed the dismissal. This court affirmed the trial court's denial of appellant's postconviction petition. *State v. Hutton*, 8th Dist. Cuyahoga No. 76348, 2004-Ohio-3731 ("*Hutton I*").

{¶ 6} On January 23, 2020, appellant filed a second petition for postconviction relief and a motion for leave to file a delayed motion for new trial. In his petition, appellant attached the affidavit of Ronald Harris, the jury foreman from his 1986 trial. Harris had been contacted by the Office of the Federal Public Defender. In an affidavit prepared after meeting with attorneys in the office, Harris averred that he would not have voted to impose the death sentence and believed that his fellow jurors also would not have voted to impose the death sentence had they been aware of appellant's history as set forth in records from the Beech Brook juvenile care facility, which dated back to 1963. The affiant further averred that a juror brought her Bible into the jury room, the jurors discussed the Bible during the sentencing phase of the trial, and that he and others swayed the unnamed Bible-toting juror's vote.

{¶ 7} In an opinion and order dated March 16, 2022, the trial court denied appellant's petition. The trial court found that the petition was untimely filed and appellant was unable to show that he was unavoidably prevented from discovering the facts relied upon in his petition or that but for a constitutional error, no

reasonable factfinder would have found him guilty. The trial court further found that appellant's claims were barred by res judicata and Evid.R. 606(B).

{¶ 8} The trial court also denied appellant's motion for leave to file a motion for new trial, finding that appellant failed to provide evidence that the Beech Brook records were recently discovered or that he was unavoidably prevented from discovering them and failed to provide clear and convincing evidence of juror misconduct.

{¶ 9} Appellant filed a notice of appeal and raises the following assignments of error:

> I. The trial court erred in dismissing Mr. Hutton's postconviction petition as a second or successor petition.

> II. The trial court abused its discretion by denying Mr. Hutton's leave to file a delayed motion for a new trial.

**Postconviction Petition**

{¶ 10} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, ¶ 25. Under R.C. 2953.21, a prisoner may obtain postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Steffen*, 70 Ohio St.3d 399, 410,

639 N.E.2d 67 (1994); *State v. Smith*, 8th Dist. Cuyahoga No. 93534, 2010-Ohio-1869, ¶ 11.  Rather, it is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.  *Id.* at ¶ 12.

> {¶ 11} In *Perry*, the Ohio Supreme Court stated:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*Id.* at 180. A petition for postconviction relief may be denied based on res judicata if the trial court "finds that the petitioner could have raised the issues in the petition at trial or on direct appeal without resorting to evidence beyond the scope of the record." *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 16, citing *State v. Scudder*, 131 Ohio App.3d 470, 475, 722 N.E.2d 1054 (10th Dist.1998).

> {¶ 12} Pursuant to R.C. 2953.23(A)(1), the trial court lacks jurisdiction to consider either a petition filed after the deadline set forth in R.C. 2953.21(A) or a successive petition, unless:

> (1) Both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**A Successive "First" Postconviction Petition**

{¶ 13} Appellant's initial argument is that R.C. 2953.21 does not apply to him because, even though this is his second postconviction petition, this court should construe it to be his "valid second-in-time, first petition." In part, appellant points to *Hutton I's* finding that he was not entitled to discovery pursuant to statute. *Hutton I* at ¶ 22, citing *State v. Dean*, 149 Ohio App.3d 93, 2002-Ohio-4203, 776 N.E.2d 116 (5th Dist.). At the time *Hutton I* was decided, R.C. 2953.21 did not provide capital defendants with discovery. In 2017, the statute was amended to authorize trial courts to grant discovery to postconviction petitioners in capital cases, for good cause shown. *State v. Obermiller*, 8th Dist. Cuyahoga No. 101456, 2019-Ohio-1234, ¶ 16.

{¶ 14} Appellant argues that because he was not entitled to discovery on his first postconviction petition, his current petition is a "valid second-in-time, first petition," not a successive postconviction petition. We disagree. Appellant's postconviction petition is a successive petition because it was filed later in time. The statute does not allow for the situation appellant proposes. *See State v. Hartman*, 9th Dist. Summit No. 25055, 2010-Ohio-5734, ¶ 9.

{¶ 15} In *Hartman*, the appellant argued that he would be unable to present a later-arising claim if the court did not allow him to file a successive postconviction petition. The *Hartman* Court noted:

> The Ohio General Assembly enacted a postconviction relief statute with clear language and directives. It could have, but did not, make an allowance for the situation Hartman describes. It is not this Court's place to rewrite the statute to allow him to proceed with a successive petition. Where the language of a statute is clear, this Court cannot interpret it, but must apply it as written.

*Id.*

{¶ 16} Appellant argues that the Ohio Supreme Court has already recognized that a successive petition can be treated as a first petition. In *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, the Ohio Supreme Court noted that the appellant's petition was more "akin" to a first petition than a successive petition. The *Lott* Court reached that conclusion because the appellant in that case presented a claim based upon *Atkins v. Virginia*, 536 U.S 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), a then-recent United States Supreme Court case that gave rise to a new claim that met the requirements of R.C. 2953.23(A)(1)(b) in which the court recognized a new federal right applying retroactively to convicted defendants facing the death penalty. *See Lott* at ¶ 15-17. Because the appellant met the requirement to present his otherwise barred claim, the Ohio Supreme Court analogized his petition to a first petition. *Lott* at *id*. The *Lott* Court did not, however, "establish a new category of successive petitions that must be treated as first petitions," *Hartman* at ¶ 10, nor

has appellant in this case presented this court with a claim like that presented in *Lott*.

{¶ 17} Appellant discusses at length the incredible burden it places on a petitioner to receive a hearing on his or her postconviction petition when such a hearing is determined by the evidence and affidavits he or she submits in support of his or her claim, but the petitioner cannot conduct discovery to develop the evidence. The proper forum for appellant's policy argument is not this court, but the state legislature, which enacted the postconviction statute with "clear language and directives." *See Hartman* at ¶ 9.

**Postconviction Petition Requirements**

{¶ 18} The trial court properly found that appellant filed a successive postconviction petition; therefore, in order for the trial court to consider appellant's petition, he must meet the requirements as stated in R.C. 2953.23(A). Since appellant does not assert that a new federal or state right provides him with the claim he presents in the subject petition, he is first required to show, under R.C. 2953.23(A)(1)(a), that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." *See State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470

{¶ 19} For the trial court to have jurisdiction to entertain the ineffective assistance of trial counsel claim alleged in the postconviction petition, Ayers first had to establish that she was "unavoidably prevented from discovery of the facts" on which she relies. R.C. 2953.23(A)(1)(a). To meet this standard, Ohio courts have

previously held that a petitioner ordinarily must show that he or she was unaware of the evidence on which he or she is relying and that the petitioner could not have discovered the evidence by exercising reasonable diligence. *Bethel* at ¶ 21, citing *State v. Harrison*, 8th Dist. Cuyahoga No. 105909, 2018-Ohio-1396, ¶ 6.

{¶ 20} Appellant argues that "[e]ven if the Court considers this petition to be a second petition, it is clear that because of the active obstruction of discovery by the State, and the trial court's denial of discovery and fact development that [appellant] was unavoidably prevented from discovering the factual basis of this claim." (Appellant's Brief at 10).

{¶ 21} Despite appellant's arguments, appellant himself should have been aware that he spent approximately one year at Beech Brook between the ages of nine and ten. There is no evidence presented by appellant that his attorney did not in fact obtain and evaluate these records and decide not to use them. There is evidence that these records were sent to the juvenile court in 1969 and became part of appellant's juvenile delinquency record. Moreover, defense exhibits show that defense counsel had the records at least as early as 2015; the expert retained by habeas counsel indicated she had reviewed them as part of her 2015 evaluation of appellant's case.

{¶ 22} Furthermore, appellant has also not shown he was unavoidably prevented from obtaining the affidavit of juror Harris. Appellant could have obtained an affidavit from the juror at any time and has made no showing that he was unavoidably prevented from doing so.

{¶ 23} Thus, because appellant's arguments do not satisfy the "unavoidably prevented" standard of the R.C. 2953.23(A)(1)(a) exception, we hold that the trial court did not abuse its discretion in reaching its conclusion.

{¶ 24} A petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offense or, in capital cases, eligible for the death penalty. R.C. 2953.23(A)(1)(b). Clear and convincing evidence is "'the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" *State v. Martin*, 8th Dist. Cuyahoga No. 110549, 2022-Ohio-1494, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507.

{¶ 25} Appellant points to juror Harris's affidavit, in which Harris states that he would not have voted for the death penalty had he been aware of appellant's time at Beech Brook and he would have advocated for fellow jurors to vote for a life sentence as well.

{¶ 26} "The presentation of mitigating evidence is a matter of trial strategy." *Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, at ¶ 65-67, citing *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 74. Nothing in the record indicates that counsel failed to investigate the existence of appellant's records from Beech Brook. As the Ohio Supreme Court found in his direct appeal when addressing appellant's ineffective assistance of counsel and lack of mitigation claims, "the record does not show what investigations trial counsel did or did not

make. Since it is Hutton's burden to show that his counsel's performance was deficient, his claim lacks merit." *Hutton I* at 48-49. Appellant has failed to show prejudice or that there was a reasonable likelihood of a different outcome had defense counsel presented the records from Beech Brook in mitigation of sentence.

{¶ 27} Appellant also attempts to establish prejudice by providing an affidavit from a trial juror that the records would have made a difference during mitigation. The affidavit is purely based on speculation about how juror Harris, *33 years post-trial*, now says he would have changed his vote and encouraged others to change their votes based on the information that was in appellant's records from Beech Brook. An affidavit based on speculation such as the one supporting appellant's petition is insufficient to grant relief under R.C. 2953.21. *See Maxwell* at ¶ 66 (holding that an affidavit based purely on speculation is insufficient to grant relief under R.C. 2953.21).

{¶ 28} Moreover, as the trial court noted, because Evid.R. 606(B) would prohibit appellant from using the juror's statement to impeach a verdict, juror Harris's testimony would have been inadmissible. *Id. See also State v. Morgan*, 10th Dist. Franklin No. 95APA03-382, 1995 Ohio App. LEXIS 5130, 3 (Nov. 21, 1995) (concluding that although it was necessary for appellant to submit affidavits in order for the trial court to determine whether he was entitled to a hearing, once the trial court granted that hearing, it became necessary for him to produce admissible evidence under the rules of evidence).

**Alleged Juror Bias or Influence**

{¶ 29} Woven throughout appellant's arguments is his claim that a juror was biased or improperly influenced when the juror brought a Bible into the jury room and the jurors discussed scripture from the Bible. Again, appellant relies solely on the Harris affidavit.

{¶ 30} Jury rooms are often filled with extensive reading material, whether it be the newspaper, a Reader's Digest, or a sports or lifestyle magazine. There is simply no evidence a Bible, allegedly brought into the jury room by one juror, was improperly used by that juror or that other jurors used the Bible to improperly influence the Bible-carrying juror. The only allegation is that discussion of the Bible was improperly used by the affiant to influence the juror who carried the Bible. There is no indication that the Bible contained any specific material that would lead to a finding of guilty or the imposition of a certain penalty.

{¶ 31} In *State v. Arnett*, 88 Ohio St.3d 208, 216, 724 N.E.2d 793 (2000), the trial judge, who was also the trier of fact, referred to a specific Bible passage when determining the weight she would give a statutory sentencing factor. The Supreme Court of Ohio found that, by referencing a specific Bible passage,

> the judge did not add an impermissible factor to her analysis; rather, she acknowledged an influence upon her consideration of an explicitly permitted factor. Much like the judge's background, education, and moral values, the judge's insight from the Bible guided the judge in weighing the statutorily permissible age factor during her deliberations and aided her in justifying, in her mind, the lawful sentence she imposed.

(Emphasis deleted.) *Id*. at 216.

**{¶ 32}** In this case, we do not know exactly which Bible passage or passages were referenced.[2]  Nevertheless, even if a juror referred to the Bible while deliberating, we agree with the trial court that the moral responsibility that may be drawn from biblical language is not inconsistent with a juror's duty to apply the law to the facts and render a just verdict.  In fact, the affiant's own admonition to the alleged reluctant juror was that "God allows organizations and government to have certain structures set up" and to follow "that structure of the law."  Harris affidavit, ¶ 21.

---

[2] Affiant Harris alleges that during the sentencing phase, he and other jurors referred a reluctant juror, who admitted having a Bible with her, to the phrase "an eye for an eye, a tooth for a tooth."  This idea or law of retributive justice first appeared in writing in the *Code of Hammurabi* (1755-1750 B.C.E.), long before the revelation of the Bible.  *See Code of Hammurabi*, Sections 195-200.  It was also promulgated by the Romans in the Laws of the Twelve Tables in 449 B.C.E.  Affiant does not mention the specific Bible reference, whether it was one of the three times the reference appears in the Old Testament or any of the several discussions about the topic in the New Testament, such as:

> You have heard that it was said, "Eye for eye, and tooth for tooth." But I tell you, do not resist an evil person. If anyone slaps you on the right cheek, turn to them the other cheek also. And if anyone wants to sue you and take your shirt, hand over your coat as well. If anyone forces you to go one mile, go with them two miles. Give to the one who asks you, and do not turn away from the one who wants to borrow from you.

*New International Version Bible* (2011), Matthew 5:38 -42.

After referencing "an eye for an eye, a tooth for a tooth," affiant Harris then gave the reluctant juror the following admonition: "God allows organizations and government to have certain structures set up and we have to follow that structure of the law."  Harris affidavit, ¶ 21.

**Constitutionality of Postconviction Statute**

{¶ 33} Finally, appellant argues that Ohio's postconviction statute is unconstitutional.

{¶ 34} "Ohio's postconviction procedures repeatedly have been upheld as constitutional." *Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, at ¶ 108, citing *Hutton I*. In *Hutton I*, this court rejected appellant's argument that Ohio's postconviction statute was unconstitutional under the same arguments he makes in his current petition. As before, we reject his claims.

{¶ 35} Appellant's postconviction petition and his supporting affidavit as well as the court record do not demonstrate that appellant has set forth sufficient operative facts to establish substantive grounds for relief; therefore, the trial court did not abuse its discretion in dismissing his petition without further discovery or an evidentiary hearing. The first assignment of error is overruled.

**Motion for New Trial**

{¶ 36} In the second assignment of error, appellant argues that the trial court erred in denying his motion for leave to file a delayed motion for new trial. "This court reviews the denial of leave to file a delayed motion for a new trial for an abuse of discretion." *Martin*, 8th Dist. Cuyahoga No. 110549, 2022-Ohio-1494, at ¶ 19, citing *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981 (8th Dist.).

{¶ 37} As it applies to this case, Crim.R. 33 provides:

> **(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights:

* * *

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state; * * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.

(Emphasis sic.) Crim.R. 33(A)(2), (6).

{¶ 38} In *Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, the Ohio Supreme Court stated that Crim.R. 33 "does not give a deadline by which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence." *Id.* at ¶ 108. Rather, Crim.R. 33 provides that a defendant must show that he or she was "unavoidably prevented from the discovery of the evidence upon which he [or she] must rely." *Id.* The *Bethel* Court also explained that "'[t]he "unavoidably prevented" requirement in Crim.R. 33(B) mirrors the "unavoidably prevented" requirement in the postconviction relief statute, R.C. 2953.23 (A)(1).'" *Id.* at ¶ 59, quoting *State v. Barnes*, 5th Dist. Muskingum No. CT2017-0092, 2018-Ohio-1585, ¶ 28. To obtain leave, appellant must demonstrate "'by clear and convincing evidence that he [or she] was unavoidably prevented from discovering the new evidence within the 120-day time period.'" *Martin* at ¶ 25, quoting *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10.

{¶ 39} Appellant contends that his motion was based on newly discovered evidence, which were the Beech Brook records and alleged juror misconduct. As discussed under the first assignment of error, appellant has not shown by clear and convincing evidence that he was unavoidably prevented from obtaining his Beech

Brook records or the affidavit from juror Harris. *See State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 11 (holding that "[t]he phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner"). Therefore, appellant "could have been aware of" both claims so as to timely file a motion for new trial.

{¶ 40} Appellant has not shown by clear and convincing evidence that he was unavoidably prevented from timely filing his motion for new trial; therefore, the trial court did not abuse its discretion in denying his motion.

{¶ 41} The second assignment of error is overruled.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR