[Cite as *State v. Harris*, 2023-Ohio-3705.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2023-0040 |
| | : | |
| TERRY HARRIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2017-0183


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      October 6, 2023


APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:

RONALD L. WELCH                    TERRY HARRIS, PRO SE
MUSKINGUM CO. PROSECUTOR        Inmate No. A740-879
TAYLOR P. BENNINGTON                15708 McConnelsville Road
27 North 5th St., P.O. Box 189         Caldwell, OH 43724
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Terry Harris appeals from the May 31, 2023 "Entry Regarding Motion to Discover and Transcripts" of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions and sentence is not necessary to our resolution of this appeal.

{¶3} Appellant entered guilty pleas to multiple counts of possession and trafficking of narcotics in 2017 and was sentenced to an aggregate prison term of 19 years. We affirmed appellant's convictions and sentence upon direct appeal. *State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257.

{¶4} On May 24, 2023, appellant filed a pro se "Motion for Discovery and Transcripts" and the trial court overruled the motion by judgment entry dated May 31, 2023.

{¶5}   Appellant now appeals from the trial court's entry of May 31, 2023.

{¶6}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶7} "THE TRIAL COURT ERRED WHEN IT DENIED HARRIS' MOTION FOR DISCOVERY AND TRANSCRIPTS. SUCH A DENIAL IS AN ABUSE OF DISCRETION BECAUSE IT DENIES HARRIS A MEANINGFUL OPPORTUNITY TO REVIEW HIS CASE FOR FUTURE LEGAL PROCEEDINGS."

**ANALYSIS**

{¶8} In his sole assignment of error, appellant argues the trial court erred in overruling his motion for discovery and transcripts which he might use in postconviction proceedings. We disagree.

{¶9} Appellant notes he suffers from significant medical issues in prison which have required multiple hospitalizations. During these periods, case documents in his possession have been lost or destroyed. His appellate brief includes communication from defense trial counsel noting counsel's trial file was destroyed after two years and no longer exists, but advising appellant might be able to obtain discovery materials from appellee. Appellant therefore moved the trial court for a discovery order and request for transcripts.

{¶10} While we are sympathetic to appellant's plight, the trial court is without authority to order discovery in the instant case. Ohio law is clear that discovery is not available in the initial stages of a postconviction proceeding. *State v. Dean*, 5th Dist. No. 01CA-A-10-055, 149 Ohio App.3d 93, 2002-Ohio-4203, 776 N.E.2d 116, ¶ 10, citing *State v. Mason*, 5th Dist. Ashland No. 01COA01423, 2001 WL 1913877 (Oct. 03, 2001), internal citation omitted. There is no provision for conducting discovery in the post-conviction process. *State v. Curtis*, 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822, ¶ 42, citing *State ex Rel. Love v. Cuyahoga County Prosecutor's Office*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 1999-Ohio-102. The power to conduct and compel discovery in post-conviction is not included within a trial court's statutorily-defined authority. *Id.*

{¶11} The trial court also properly overruled appellant's motion for a second transcript of the proceedings. We note the trial court granted appellant's request for

preparation of a transcript at state expense in his direct appeal. Judgment Entry, Feb. 2, 2018. "[T]he duty to provide a transcript at State expense extends only to providing one transcript for the entire judicial system. It does not extend to sending the transcript to the indigent person in prison." *State v. Hewitt*, 5th Dist. Stark No. 2016CA00067, 2016-Ohio-5762, ¶ 17, appeal not allowed, 148 Ohio St.3d 1412, 2017-Ohio-573, 69 N.E.3d 751, citing *State ex rel. Mramor v. Court of Common Pleas,* 8th Dist. Cuyahoga No. 73406, 1997 WL 797796, *1 (Dec. 31, 1997).

{¶12} Appellant argues he needs the discovery materials and transcript to possibly file an application for postconviction relief. Appellant has not yet filed an application to reopen or petition for post-conviction relief, and has already been provided with one transcript in his direct appeal. Accordingly, appellant has no right to a second transcript. *Hewitt,* supra, 2016-Ohio-5762, ¶ 18, citing *State ex rel. Murr v. Thierry,* 34 Ohio St.3d 45, 45–46, 517 N.E.2d 226, 226–27 (1987). See, *State v. Brown,* 5th Dist. Licking No. 01CA49, 2001 WL 1772934, *1–2 (June 21, 2001) [appellant entitled to one copy of transcript which was provided in direct appeal]; *State v. Kale,* 5th Dist. Licking No. 98CA49, 1999 WL 3974, *1–2 (Dec. 7, 1998) [appellant not entitled to second copy of transcript at public expense for preparation of appeal to Supreme Court, post-conviction relief petition, or application to reopen because he was already afforded a transcript in direct appeal].

{¶13} The trial court did not err in overruling appellant's motion for transcripts and discovery, and the sole assignment of error is overruled.

## CONCLUSION

{¶14} The sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.