OPINION
{¶ 1} On January 27, 1995, the Stark Count Grand Jury indicted appellant, Calvin Robinson, on three counts of felonious assault in violation of R.C. 2903.11, four counts of kidnapping in violation of R.C. 2905.11, one count of felonious sexual penetration in violation of R.C. 2907.12, four counts of aggravated robbery in violation of R.C. 2911.01 and one count of aggravated burglary in violation of R.C. 2911.11, all with firearm specifications. Said charges arose from the break-in of a home and the subsequent robbery of the four occupants, the shooting of two of those occupants and the sexual assault of the female occupant.
 {¶ 2} On March 13, 1995, appellant pled guilty as charged. By judgment entry filed March 27, 1995, the trial court sentenced appellant to an aggregate term of twenty-three to fifty years in prison. No appeal was taken.
 {¶ 3} On September 23, 1995, appellant filed a petition for postconviction relief, claiming he was entitled to "truth in sentencing." By judgment entry filed October 22, 1996, the trial court denied the petition, finding it was untimely filed. Again, no appeal was taken.
 {¶ 4} On August 18, 2003, appellant filed a motion to merge allied offenses of similar import, claiming he should have been charged with one count each of aggravated robbery, kidnapping and felonious assault. The state filed a reply and a motion to dismiss, claiming appellant's motion was a petition for postconviction relief and as such, was untimely filed. By judgment entry filed September 4, 2003, the trial court denied appellant's motion and granted the state's motion to dismiss.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The denial of appellant's motion to merge allied offenses of similar import without holding a hearing violated appellant's right to due process of law as guaranteed in thefourteenth amendment to the united states constitution and article 1, section 10 of the ohio constitution."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to merge allied offenses of similar import, and erred in failing to hold a hearing on the issue. We disagree.
 {¶ 8} As conceded to in appellant's brief at 4, appellant's motion, filed some eight years after his conviction, is a motion for postconviction relief pursuant to R.C. 2953.21.
 {¶ 9} Appellant was convicted and sentenced on March 27, 1995. On September 21, 1995, S.B. No. 4 became effective which established time limits for filing petitions for postconviction relief as follows:
 {¶ 10} "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 11} Pursuant to said act, appellant was given one year from its effective date, September 21, 1996, to file his motion for postconviction relief. Appellant filed his petition on August 18, 2003. Clearly, the petition was untimely filed.
 {¶ 12} In addition, any request for sentencing review was available on direct appeal and therefore is not a cognizable issue for postconviction relief. State v. Perry (1967),10 Ohio St.2d 175; State v. Nichols (1984), 11 Ohio St.3d 40.
 {¶ 13} The trial court did not err in failing to conduct a hearing on appellant's petition as it was untimely filed and the issues therein were not cognizable under R.C. 2953.21.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.