[Cite as *State v. Robinson*, 2018-Ohio-856.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2017CA00117 |
| CALVIN ROBINSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of
Common Pleas, Case No. 1995-CR-0005B

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 5, 2018

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

JOHN D. FERRERO,                         CALVIN M. ROBINSON, PRO SE
Prosecuting Attorney,                        #303-414
Stark County, Ohio                           Marion Correctional Institution
                                             P.O. Box 57
By: KATHLEEN O. TATARSKY                     Marion, Ohio 43301
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1} Defendant-appellant Calvin M. Robinson appeals the June 6, 2017 Judgment Entry entered by the Stark Count Court of Common Pleas, which denied his Motion in Reconsideration to Correct Void Sentence. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On January 27, 1995, the Stark County Grand Jury indicted Appellant on three counts of felonious assault, in violation of R.C. 2903.11; four counts of kidnapping, in violation of R.C. 2905.11; one count of felonious sexual penetration, in violation of R.C. 2907.12; four counts of aggravated robbery, in violation of R.C. 2911.01; and one count of aggravated burglary, in violation of R.C. 2911.11. All of the counts carried attendant firearm specifications. The charges arose from the December 15, 1994 break-in of a home in Massillon, Stark County, Ohio, and the subsequent robbery of the four occupants, the shooting of two of the occupants, and the sexual assault of the female occupant.

{¶3} On March 3, 1995, Appellant withdrew his former plea of not guilty and entered a plea of guilty to the Indictment. Via Judgment Entry filed March 27, 1995, the trial court sentenced Appellant to an aggregate prison term of twenty-three to fifty years. Appellant did not appeal his convictions and sentence.

{¶4} Appellant filed a petition for post-conviction relief on September 23, 1996. Therein, Appellant claimed he was entitled to "truth in sentencing." Via Judgment Entry

---

[1] A full rendition of the Statement of the Facts underlying Appellant's original conviction is not necessary for our disposition of this appeal.

filed October 22, 1996, the trial court summarily overruled the petition, finding such was untimely filed. Appellant did not appeal the trial court's ruling.

{¶5} Subsequently, on August 18, 2003, Appellant filed a motion to merge allied offenses of similar import, asserting he should have been charged with only one count each of aggravated robbery, kidnapping, and felonious assault. The state filed a reply and a motion to dismiss, arguing Appellant's motion was, in essence, a petition for post-conviction relief and, as such, was untimely filed. Via Judgment Entry filed September 4, 2003, the trial court denied Appellant's motion, agreeing with the state the motion constituted a petition for post-conviction relief pursuant to R.C. 2953.21, and was untimely filed and barred by the doctrine of res judicata.

{¶6} Appellant filed an appeal to this Court in *State v. Robinson*, Stark App. No. 2003CA00333. This Court affirmed the trial court's decision, likewise finding Appellant's petition was untimely and barred by the doctrine of res judicata. *State v. Robinson*, 5th Dist. Stark No. 2003CA00333, 2004 -Ohio- 2650.

{¶7} On June 1, 2017, Appellant filed a Motion in Reconsideration to Correct Void Sentence. The trial court summarily denied the motion via Judgment Entry filed June 6, 2017.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:


I. DEFENDANT-APPELLANT'S SENTENCE DOESN'T CONFORM

TO THE MANDATORY PROVISIONS IN R.C. 2941.25

II. DEFENDANT-APPELLANT'S SENTENCE IS DECLARED "VOID" BECAUSE THE SENTENCE DOESN'T CONFORM TO STATUTORY REQUIREMENTS

III. DEFENDANT-APPELLANT'S SENTENCE DOESN'T' CONFORM TO THE MANDATORY PROVISIONS IN R.C. 2941.25(A)

IV. DEFENDANT-APPELLANT'S SENTENCE IN 1995-CR-0005(B) IS VIOLATING HIS 14TH AMENDMENT, SECTION 1 – DUE PROCESS RIGHTS

V. DEFENDANT APPELLANT STATES THAT IN THE ORIGINAL FILING OF THE "NOTICE OF APPEAL" OF THIS CASE AT BAR, THE DEFENDANT-APPELLANT STATED THAT HE WANTED THIS "APPEAL" TO BE HEARD UNDER THE DOCTRINES OF 2953.08 G(2)(B) FOR SUCH SENTENCE IS CONTRARY TO LAW.

I, II, III, IV, V

{¶9} We address Appellant's assignments of error together as they are controlled by the same legal principle.

{¶10} Although not captioned as such, Appellant's motion was, and the trial court properly treated it as, a petition for post-conviction relief. The caption of a pro se pleading does not define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Thus, if the pleading meets the definition of a petition for post-conviction relief, it must be treated as such, regardless of the manner in which appellant actually presents the motion to the court. *State v. Green*, 5th Dist. Knox No. 15–CA–13,

2015–Ohio–4441, ¶ 10. A motion meets the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1) if it is (1) filed subsequent to direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence. *Reynolds*, supra, 79 Ohio St.3d at 160.

{¶11} As a petition for post-conviction relief, Appellant's motion was filed well beyond the time limits set by R.C. 2953.21, which requires a petition for to be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction, or 365 days after the expiration of the time for filing an appeal if no direct appeal is filed. Appellant was convicted and sentenced in 1995; therefore, the petition was untimely.

{¶12} Appellant failed to present evidence to establish any of the exceptions to R.C. 953.23(A)(1) apply to the untimely motion. Appellant did not demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1)(a). Nor did he demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense as he pled guilty to the charge. R.C. 2953.23(A)(1)(b).

{¶13} When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain the merits of the petition. *State v. Lynn*, 5th Dist. Muskingum No. CT2007–0046, 2008–Ohio–2149. Accordingly, the trial court did not err in denying Appellant's motion for relief from the judgment.

{¶14} Further, it is well-settled, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940 (Citation omitted.) Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996).

{¶15} Appellant's arguments could have been raised on direct appeal; therefore, are barred by res judicata. Accordingly, we find the trial court properly denied Appellant's motion.

{¶16} Appellant's first, second, third, fourth, and fifth assignments of error are overruled.

{¶17}  **T**he judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur