[Cite as *State v. Mayle*, 2018-Ohio-2576.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0065** |
| DOUGLAS M. MAYLE, JR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 000298.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Douglas M. Mayle, Jr.*, pro se, PID: A690-320, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Douglas M. Mayle, Jr., appeals the dismissal of his petition for postconviction relief. We affirm.

{¶2} Appellant entered an *Alford* guilty plea to one count of attempted felonious assault. The trial court accepted the plea, found him guilty and sentenced him to two years of community control.

{¶3} After fifteen months on community control, appellant was arrested for repeatedly failing to report to his probation officer, a community control violation.

Appellant admitted the violation. The trial court revoked community control and sentenced appellant to thirty months in prison.

{¶4} Appellant did not timely appeal the revocation and sentence, but we granted leave to file a delayed appeal. *See State v. Mayle*, 11th Dist. Ashtabula No. 2017-A-0005, 2017-Ohio-8942. While that appeal was pending, but before it was decided, appellant filed a petition for postconviction relief in the trial court, primarily maintaining that the original charge against him was based on false statements and that he would have demanded a jury trial if he had been aware of the statements.

{¶5} Without waiting for response, the trial court dismissed the petition solely because appellant's first appeal was pending before this court.

{¶6} In bringing this appeal, appellant advances one assignment:

{¶7} "The trial court abused its discretion when it dismissed appellant's postconviction petition without an evidentiary hearing [on the grounds that] appellant's appeal was still pending."

{¶8} As a general proposition, the filing of a notice of appeal deprives a trial court of the authority to engage in any act that conflicts with the appellate court's jurisdiction to review the appealed judgment. *Willoughby-Eastlake City School Dist. v. Lake Cty. Ct. of Common Pleas*, 11th Dist. Lake No. 99-L-130, 2000 WL 522456, *4 (Apr. 21, 2000). This typically means that a trial court is divested of jurisdiction to rule upon a motion to vacate while an appeal is pending. *Id.*, citing *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994). However, there is a statutory exception allowing a court to consider a timely petition for postconviction relief despite an appeal of that judgment:

{¶9} "The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending." R.C. 2953.21(D).

2

**{¶10}** Accordingly, the pendency of a direct appeal does not deprive the trial court of jurisdiction to consider a timely postconviction petition. *State v. Lauharn*, 2d Dist. Miami No. 2011 CA 10, 2012-Ohio-1572, ¶12; *State v. Frazier*, 10th Dist. No. 10AP-966. 2011-Ohio-3316, ¶6.

**{¶11}** Given the express wording of R.C. 2953.21(D), dismissing the postconviction petition solely because an appeal was pending was improper. Nevertheless, we affirm on alternative grounds as the petition was untimely.

**{¶12}** Appellant's petition for postconviction relief challenges the validity of his 2015 conviction for attempted felonious assault, not the revocation of community control and his prison sentence, the subject of his prior appeal.

**{¶13}** When a criminal defendant does not pursue a direct appeal of his conviction and sentence absent exceptions not present, a petition for postconviction is timely when filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Appellant was found guilty and sentenced to community control sanctions on February 27, 2015. He did not appeal. Appellant did not file his petition until August 2017, well past the 365-day limit.

**{¶14}** A trial court's judgment shall be affirmed when review discloses any valid reason warranting the decision. *State v. Washington*, 11th Dist. Lake No. 95-L-128, 1997 WL 1843865, *6 (Jan. 10, 1997). The trial court's dismissal is affirmed as appellant's petition was untimely.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.