[Cite as *State v. L.A.A.*, 2020-Ohio-643.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-218 |
| v. | : | (C.P.C. No. 14CR-6302) |
| [L.A.A.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 25, 2020

**On brief:** *Dave Yost*, Attorney General, and *Andrea K. Boyd*, for appellee. **Argued**: *Andrea K. Boyd.*

**On brief:** *The Kerger Law Firm, LLC*, and *Richard M. Kerger*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, L.A.A., appeals the March 12, 2019 decision of the Franklin County Court of Common Pleas, which dismissed her petition for postconviction relief. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This matter arises out of appellant's sexual abuse of her child, which she committed in conjunction with her then-husband, C.W., the child's stepfather. On November 7, 2014, an Auglaize County Grand Jury filed an indictment charging appellant with a total of 25 criminal counts: 12 counts of rape, in violation of R.C. 2907.02, all felonies of the first degree, two of which included sexually violent predator specifications, pursuant to R.C. 2941.148; 10 counts of sexual battery, in violation of R.C. 2907.03, all felonies of the third degree; 1 count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the

fourth degree; 1 count of obstructing justice, in violation of R.C. 2921.32, a felony of the third degree; and 1 count of obstructing official business, in violation of R.C. 2921.31, a misdemeanor of the second degree. After appellant entered an initial plea of not guilty, the Auglaize County judge ordered the transfer of appellant's case to the Franklin County Court of Common Pleas because a fair and impartial trial could not be held in Auglaize County. Following transfer, the trial court joined appellant's case with the case of C.W., who had been charged with similar criminal counts.

{¶ 3} On June 18, 2015, Christopher R. Bucio entered an appearance as appellant's counsel. At a hearing on October 5, 2015, appellant withdrew her plea of not guilty and entered a plea of guilty, conditioned on her truthful testimony in C.W.'s trial, to three counts of sexual battery and a single count of obstructing official business. On the same date, the trial court filed an entry reflecting appellant's guilty plea.

{¶ 4} On November 12, 2015, the trial court held a sentencing hearing. At the sentencing hearing, appellant, through counsel Bucio, called a psychiatrist to offer mitigation testimony. The trial court sentenced appellant to a five-year term of incarceration on each of the three counts of sexual battery, ordering them to run consecutively to one another and concurrent with a 90-day term of incarceration for the single count of obstructing official business, for a total term of incarceration of 15 years. On the same date, the trial court filed a judgment entry reflecting appellant's conviction.

{¶ 5} On November 30, 2015, appellant filed a notice of appeal. On September 22, 2016, we released our decision affirming appellant's conviction. State v. [L.A.A.], 10th Dist. No. 15AP-1082, 2016-Ohio-5946. On May 17, 2017, the Supreme Court of Ohio filed an entry declining to accept appellant's appeal of our September 22, 2016 decision. State v. [L.A.A.], 149 Ohio St.3d 1407, 2017-Ohio-2822.

{¶ 6} On May 12, 2017, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. In her petition, appellant asserted she failed to timely file her petition for postconviction relief because she was unaware until December 2016 that Bucio, appellant's former counsel, had entered a guilty plea to a charge of theft. Prior to entering her plea of guilty, Bucio informed appellant that he was the subject of a criminal investigation. Appellant signed a letter waiving any objection to Bucio continuing as her counsel. Appellant was unaware Bucio had been the subject of a disciplinary proceeding in August

2015 in connection with the subject of the criminal investigation. Appellant asserted that she received ineffective assistance of counsel in violation of her constitutional rights because Bucio was the subject of a criminal investigation being conducted by the same entity that was responsible for appellant's prosecution.

{¶ 7} On June 23, 2017, plaintiff-appellee, State of Ohio, filed a motion for leave to file a delayed motion to dismiss appellant's petition for postconviction relief. On July 31, 2017, appellant filed a response to the state's June 23, 2017 motion to dismiss. On January 15, 2019, the trial court held a hearing on appellant's petition for postconviction relief.

{¶ 8} At the postconviction relief hearing, David A., appellant's current husband, stated he and appellant met with Bucio about plea negotiations. At one meeting, Bucio told appellant and David that he was being investigated by the attorney general's office. Bucio did not disclose the specific charge for which he was under investigation or that he was involved in a disciplinary proceeding. At all points during the proceedings in the trial court, appellant planned to testify on behalf of the state in exchange for a plea deal.

{¶ 9} Appellant testified at the postconviction relief hearing that she was originally represented by Richard M. Kerger. Kerger negotiated a plea deal for appellant to plead guilty to a total of four counts of sexual battery, exposing her to a maximum potential sentence of 20 years, in exchange for her testimony against C.W. After appellant terminated Kerger's representation and hired Bucio as counsel, Bucio continued negotiations for a plea deal. Under Bucio's representation, appellant ultimately pled guilty to three counts of sexual battery, exposing her to a maximum potential sentence of 15 years, in exchange for her testimony against C.W. Under the plea deal negotiated by Bucio, appellant was able to argue for probation at sentencing.

{¶ 10} Appellant testified that Bucio informed her that he was under investigation by the attorney general. On August 3, 2015, after being informed by Bucio of the investigation, appellant signed a waiver agreeing to continue Bucio's representation. Appellant became aware in December 2016 that Bucio had been convicted, pursuant to a guilty plea, for the same conduct he had informed her about in 2015. Appellant, who was a licensed teacher at the time of the offenses, was aware that lawyers had licenses to practice law and understood that a criminal conviction could result in the loss of such license.

{¶ 11} Bucio testified at the postconviction relief hearing that appellant's prior counsel negotiated a plea deal for appellant to plead guilty to four counts of sexual battery with a joint recommendation for a five-year term of incarceration. When appellant hired Bucio, she indicated she did not agree with a five-year term of incarceration and wanted a chance for probation or to go trial. Bucio negotiated a plea deal, which appellant accepted, for appellant to plead guilty to three counts of sexual battery with the opportunity to argue for probation. Bucio hired a forensic psychologist to provide expert testimony for mitigation purposes at appellant's sentencing hearing, at which he argued for appellant to receive probation.

{¶ 12} Bucio testified he made appellant and David aware of the attorney general's investigation into his conduct prior to their signing the waiver on August 3, 2015. In November 2016, Bucio entered a plea of guilty to one count of unauthorized use of property, a felony of the fourth degree. Bucio stated the conduct for which he entered his guilty plea was the same conduct he discussed with appellant prior to her executing the waiver. Bucio was suspended from the practice of law in January 2017.

{¶ 13} On February 15, 2019, the parties filed post-hearing briefs. On March 12, 2019, the trial court filed an entry dismissing appellant's petition for postconviction relief, finding appellant failed to meet an exception for filing an untimely petition for postconviction relief. The court also found that no conflict existed between Bucio and appellant, the alleged conflict did not affect Bucio's representation of appellant or prejudice appellant, and appellant knowingly and voluntarily waived the alleged conflict.

## II. Assignments of Error

{¶ 14} Appellant appeals and assigns the following three errors for our review:

[I.] The court wrongfully determined that Appellant had not met the requirements for filing a delayed petition for post-conviction relief.

[II.] The trial court improperly concluded that the conflict of interest between Appellant and her then-legal counsel was waivable, permitting the lawyer to stay as her counsel with resulting prejudice to Appellant.

[III.] The court improperly handled the conflict of interest. Assuming it was a waivable conflict, he failed to hold a hearing on the record to determine that Appellant actually understood

the nature of the conflict and its potential impact on her, thus
violating her constitutional rights.

## III. First Assignment of Error

{¶ 15} In her first assignment of error, appellant asserts the trial court erred in finding it was without jurisdiction to consider appellant's untimely petition for postconviction relief.

## A. Applicable Law and Standard of Review

{¶ 16} R.C. 2953.21(A) governs the filing of petitions for postconviction relief. *State v. Lacking*, 10th Dist. No. 14AP-691, 2015-Ohio-1715, ¶ 10. A petition for postconviction relief is a collateral civil attack on the prior criminal judgment, not an appeal of the judgment or a venue to relitigate substantive issues raised in a direct appeal. *State v. Conway*, 10th Dist. No. 17AP-504, 2019-Ohio-2260, ¶ 12; *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Instead, postconviction relief affords a petitioner the means to reach constitutional issues that could not be raised on direct appeal because the evidence supporting such issues is not in the record. *State v. Norman*, 10th Dist. No. 19AP-106, 2019-Ohio-4020, ¶ 12; *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8. " ' "Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal." ' " *State v. Teitelbaum*, 10th Dist. No. 19AP-137, 2019-Ohio-3175, ¶ 11, quoting *Conway* at ¶ 12, quoting *Steffen* at 410.

{¶ 17} In addition to substantive limitations, a petition for postconviction relief is bounded by statutory timeliness requirements, subject to specific, limited exceptions. Where a criminal defendant has filed a direct appeal of the conviction, a petition for postconviction relief pursuant to R.C. 2953.21(A) must generally be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2).

{¶ 18} As relevant to the facts of this case, a court may not consider an untimely petition unless the petitioner satisfies the two-pronged test provided in R.C. 2953.23(A)(1). *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 57; *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 10. Under the first prong, the petitioner must either show that: (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or (2) "subsequent to

the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). In the context of R.C. 2953.23(A)(1)(a), the phrase "unavoidably prevented" means a defendant was unaware of the facts relied on for the claim for relief and was unable to become aware of such facts through reasonable diligence. *State v. Jackson*, 10th Dist. No. 18AP-758, 2019-Ohio-4995, ¶ 33, citing *Turner* at ¶ 11. Under the second prong, the petitioner must, by clear and convincing evidence, show that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1)(b).

{¶ 19} Unless the petitioner establishes an exception to the timeliness requirement, a trial court lacks jurisdiction to consider the merits of an untimely petition for postconviction relief. *State v. Mason*, 10th Dist. No. 12AP-120, 2012-Ohio-4510, ¶ 8. *See State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 22. Whether a trial court has jurisdiction to consider an untimely petition for postconviction relief is a question of law to which we apply a de novo standard of review. *Apanovitch* at ¶ 24, citing *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

## B. Analysis

{¶ 20} It is uncontested that appellant's petition for postconviction relief was not timely filed. Therefore, under the circumstances present in this case, appellant's petition for postconviction relief must satisfy the two-pronged test provided in R.C. 2953.23(A)(1). With regard to the first prong of the test, appellant does not contend that her petition was based on a new federal or state right that applies retroactively to her. Thus, appellant must demonstrate she was unavoidably prevented from discovering facts upon which her claim was based. Appellant argues she did not learn until December 2016 that Bucio had been criminally charged and pled guilty. Appellant also argues that she was unaware of disciplinary proceedings against Bucio when she signed the August 3, 2015 waiver.

{¶ 21} The trial court found appellant was not prevented from discovering the existence of the alleged conflict but, rather, was aware of the conflict when she signed the waiver on August 3, 2015, approximately two months before she pled guilty on October 5, 2015. The court found the conflict arose from the investigation of Bucio, not his subsequent conviction. The court also noted appellant did not assert that she inquired of Bucio regarding the nature of the investigation or seek further information about the investigation through other means.

{¶ 22} We need not decide the question of whether appellant met the first prong by demonstrating she was unavoidably prevented from discovering the facts upon which she relied to make her claim in the petition for postconviction relief because she cannot meet the second prong of the test under R.C. 2953.23(A)(1). We note appellant does not contend that, but for the ineffective assistance provided by Bucio, she would not have entered a guilty plea and would not have been convicted of the offenses at issue. *See State v. Moon*, 8th Dist. No. 101972, 2015-Ohio-1550, ¶ 25, 35. Appellant does not demonstrate by clear and convincing evidence that no reasonable factfinder would have found her guilty but for the constitutional error as required by R.C. 2953.23(A)(1)(b). *State v. Hairston*, 10th Dist. No. 13AP-225, 2013-Ohio-3834, ¶ 8; *State v. Friley*, 10th Dist. No. 05AP-15, 2006-Ohio-230, ¶ 10; *State v. Rackley*, 8th Dist. No. 102962, 2015-Ohio-4504, ¶ 17; *State v. Demyan*, 9th Dist. No. 11CA010096, 2012-Ohio-3634, ¶ 4; *State v. Robinson*, 5th Dist. No. 2017CA00117, 2018-Ohio-856, ¶ 12; *State v. Pough*, 11th Dist. No. 2003-T-0129, 2004-Ohio-3933, ¶ 17; *State v. Lewis*, 4th Dist. No. 11CA29, 2013-Ohio-1327, ¶ 8.

{¶ 23} Based on the above, we find appellant failed to satisfy the statutory requirements for filing an untimely petition for postconviction relief pursuant to R.C. 2953.23(A). Therefore, the trial court properly determined it lacked jurisdiction to consider appellant's petition for postconviction relief. Accordingly, we overrule appellant's first assignment of error.

## IV. Second and Third Assignments of Error

{¶ 24} In her second assignment of error, appellant asserts the trial court erred in finding that appellant's waiver of the alleged conflict of interest between appellant and appellant's former counsel was effective. In her third assignment of error, appellant asserts the trial court erred by failing to hold a hearing on appellant's waiver of the alleged conflict

of interest.  Having found the trial court lacked jurisdiction to consider appellant's petition for postconviction relief because appellant failed to meet the requirements for untimely filing such petition, we need not address appellant's remaining assignments of error. Therefore, appellant's second and third assignments of error are rendered moot.  App.R. 12(A)(1)(c).

## V. Conclusion

{¶ 25} Having overruled appellant's first assignment of error, thereby rendering moot appellant's second and third assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.