[Cite as *State v. Weir*, 2022-Ohio-163.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

KEVIN A. WEIR,

        Defendant-Appellant.

CASE NO. 2021-A-0019

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2016 CR 00465

**O P I N I O N**

Decided: January 24, 2022
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Kevin A. Weir*, pro se, PID# A691-188, Belmont Correctional Institution, 68518 Bannok Road, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Kevin A. Weir, appeals the judgment overruling his petition for postconviction relief. We affirm.

{¶2} In 2016, Weir, represented by counsel, pleaded guilty to eight counts of pandering obscenity involving a minor. The trial court accepted the plea and sentenced Weir to an aggregate prison term of ten years pursuant to a stipulated sentencing recommendation. Weir appealed the sentence, and this court affirmed in *State v. Weir*, 11th Dist. Ashtabula No. 2017-A-0039, 2018-Ohio-2827.

{¶3}  On July 2, 2021, Weir filed a petition for postconviction relief.  In his petition, Weir maintained that there existed newly discovered evidence of ineffective assistance of defense counsel.  In support, Weir attached a letter from an attorney with the public defender's office and a letter from defense counsel.  In the letter from the public defender's office, the attorney stated that she was responding to Weir's inquiry regarding representation to file a motion for judicial release.  The attorney included her opinion that "although you are eligible for judicial release, you entered a stipulated plea and sentence of 10 years before Judge Harris.  Judge Harris rarely grants requests for judicial release, and he never grants them for stipulated sentences."  Weir maintained that he copied this letter to defense counsel.  Defense counsel replied in a letter stating, in relevant part, "The information contained in the additional correspondence you received from the Public Defender's office * * * I was not aware of and if you refer back to the Judgment Entry from your plea and sentencing hearing, you are correct in understanding that your sentence is a negotiated plea and sentence, but not a mandatory sentence.  Therefore, you are eligible to apply for judicial release."  In his petition, Weir relied on the public defender's opinion regarding the trial judge's stance on judicial release, and he argued that had defense counsel alerted him to the fact that the judge would not grant him release, he would not have pleaded guilty.

{¶4}  Further, in his petition, Weir asserted newly discovered evidence that defense counsel was aware of a conflict of interest that she failed to pursue.  Weir alleged that a corrections officer employed at the Ashtabula County Jail is the father of the victim of a prior voyeurism charge brought against Weir.  Weir maintained that, in the present case, he explained to defense counsel that he believed he was being held in Lake County

2

Jail instead of Ashtabula County Jail due to the father's employment at the latter jail. Weir attached the second and third page of a letter from defense counsel, in which the recipient was not named, that provided a timeline of her representation of Weir. In the timeline, defense counsel stated that on August 15, 2016, Weir informed her that he was being held at the Lake County Jail for reasons unknown. Defense counsel recalled that while discussing the case with an assistant prosecutor at the end of that month, she inquired as to why Weir was being held in Lake County and was told that there was "some sort of conflict of interest" for him to be held in Jefferson (Ashtabula County). Defense counsel indicated that when she informed Weir of this discussion, Weir stated that he believed the conflict pertained to a family connection in a separate case.

{¶5} Moreover, with respect to the conflict of interest, Weir alleged in his petition that the state withheld exculpatory evidence by failing to disclose the factual basis of the conflict. Weir argued that the conflict arose from the state's motivation to retaliate for a crime against the daughter of an "associate."

{¶6} Weir further maintained that the trial court did not properly apply the seriousness and recidivism sentencing factors to his case. Weir argued that the court did not have any knowledge of mitigating factors due to defense counsel failing to provide the court with favorable evidence and the trial court failing to conduct a presentence investigation.

{¶7} The trial court overruled the petition without hearing. The trial court determined that the letter containing the public defender's view as to the court's position on judicial release and the purported conflict of interest were not newly discovered evidence of ineffective assistance of counsel. Moreover, the court concluded that it was

3

"little more than wishful speculation" that the alleged conflict was "exculpatory." The court further determined that because no newly discovered evidence existed, "the issue of ineffective assistance of counsel is barred by res judicata."

{¶8} In his two assigned errors, Weir contends:

[1.] Trial court erred in claiming a conflict of interest was a matter of record when it was not, which resulted in violation of appellant's right to due process guaranteed by the 5th and 19th Amendments to the U.S. Constitution.

[2.] Trial court erred in overruling defendant's petition without a hearing when there was [sic] significant issues of merit to support post-conviction relief pursuant to R.C. 2953.21 & 2953.23(A)(1).

{¶9} The postconviction relief statute, R.C. 2953.21, provides, "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence * * *." R.C. 2953.21(A)(1)(a)(i).

{¶10} Postconviction petitions "filed under R.C. 2953.21(A)(1) shall be filed within three hundred sixty-five days after the filing of the transcript in a direct appeal." *State v. Garner*, 11th Dist. Lake No. 2018-L-057, 2018-Ohio-4661, ¶ 13, citing R.C. 2953.21(A)(2). If the petitioner fails to meet this deadline, "the petitioner must show that '[h]e was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively' and demonstrate 'by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the

4

petitioner guilty of the offense of which the petitioner was convicted[.]'" *Garner* at ¶ 13, quoting R.C. 2953.23(A)(1)(a) and (b).

{¶11} Here, Weir filed his petition significantly later than 365 days past the filing of the transcript in his direct appeal. In his petition, Weir argued that despite being filed outside the time limits provided by law, the court should consider his petition because: Weir had no knowledge of the law during his initial court proceedings and relied solely on trial counsel; trial counsel was "deceitful" and ineffective; the prosecution withheld a key piece of exculpatory evidence regarding the conflict of interest; "information concerning judicial release in respect to trial judge that was not known prior to acceptance of plea, would have affected [Weir's] plea decision[;]" and the court did not properly consider the statutory sentencing factors.

{¶12} None of Weir's reasons for untimely filing advance an argument that he was unavoidably prevented from discovery of facts on which he relies or that the Supreme Court recognized a new right with retroactive application. Although not specifically addressed in the context of timeliness, the trial court noted that Weir relied on "newly discovered evidence" in the form of a letter from the public defender's office. However, this letter, as well as the responsive letter from defense counsel, do not contain "facts." Instead, the letters contain the opinion of the public defender that the trial court judge would not grant him judicial release despite his eligibility to petition for release and defense counsel's statement that she was unaware of this. Further, as the trial court noted, Weir has not yet filed for judicial release, and he affirmed his understanding that the decision to grant judicial release was within the discretion of the court.

5

{¶13} Moreover, the alleged conflict of interest pertained to a conflict between an employee at the jail and Weir, and Weir submitted no evidence that such a conflict had any bearing on the present case. Additionally, the alleged conflict was known to Weir in 2016 pursuant to the documents he submitted in support of his petition.

{¶14} As the petition was untimely, and Weir failed to establish he was unavoidably prevented from discovery of facts on which he relies, on this basis alone the trial court did not err in failing to grant relief. *See, e.g., State v. Mayle*, 11th Dist. Ashtabula No. 2017-A-0065, 2018-Ohio-2576, ¶ 11. Therefore, Weir's second assigned error lacks merit. We need not address Weir's first assigned error pertaining to whether Weir's arguments were barred by res judicata, as our disposition of the second assigned error renders the first assigned error moot. *See* App.R. 12(A)(1)(c).

{¶15} Accordingly, the judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-A-0019