[Cite as *State v. Pippins*, 2026-Ohio-1827.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-865 |
| v. | : | (C.P.C. No. 14CR-1823) |
| Keith J. Pippins, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-866 |
| v. | : | (C.P.C. No. 14CR-2869) |
| Keith J. Pippins, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-867 |
| v. | : | (C.P.C. No. 14CR-1320) |
| Keith J. Pippins, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant. **Argued:** *Eric J. Allen*.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}   Defendant-appellant, Keith J. Pippins, Jr., appeals the September 29, 2025 decision of the Franklin County Court of Common Pleas denying his petition for postconviction relief.  For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}   In 2014, Pippins and other individuals were indicted in three different cases on a variety of drug-related offenses.  *State v. Pippins*, 2020-Ohio-503, ¶ 2-4 (10th Dist.). Following a jury trial in the consolidated cases, Pippins was convicted on 34 of the charges alleged in the indictments.  *Id*. at ¶ 18.  On February 20, 2015, he was sentenced to 74 years of imprisonment.  *Id*. at ¶ 23.  Pippins filed a direct appeal of the trial court's judgment.  *Id*. at ¶ 24.  As explained in this court's decision, during a jury poll requested by counsel after the verdicts had been announced, Juror No. 7 requested to speak to the trial judge and "[a] lengthy discussion ensued in which Juror No. 7 indicated she had been pressured by her fellow jurors on a number of counts, had doubts as to others, and was confused about how she had voted on still others."  *Id*. at ¶ 19.  Based on the discussion with Juror No. 7, the trial court declared a mistrial on certain counts and reduced the severity of one count.  *Id*. at ¶ 20.  On appeal, this court found that the trial court plainly erred by failing to declare a mistrial as to certain counts based on the statements made by Juror No. 7.  *Id*. at ¶ 46, 53. Ultimately, this court affirmed in part and reversed in part the trial court's judgment and remanded the case to the trial court for further proceedings.  *Id*. at ¶ 76.[1]  On remand, the trial court issued an amended judgment entry correcting the errors identified in this court's decision and imposing a sentence of 62 years of imprisonment.

{¶ 3}   On September 9, 2025, Pippins filed a petition for postconviction relief, seeking an order vacating the judgment of conviction and sentence and granting him a new trial.  Pippins filed an amended version of his petition for postconviction relief on September 21, 2025.  In support of the petition, Pippins submitted an affidavit from Dorothy Wilson in which she asserted that she had been Juror No. 7 at Pippins's trial.  In the affidavit, Wilson averred that she felt pressured by the other jurors and did not

---

[1] Pippins subsequently applied to reopen his direct appeal, asserting his appellate counsel rendered ineffective assistance by failing to raise five additional assignments of error. This court denied the application for reopening, concluding Pippins had failed to demonstrate a genuine issue as to whether he had been deprived of the effective assistance of appellate counsel. *State v. Pippins*, No. 15AP-137 (10th Dist. Dec. 31, 2020) (memorandum decision).

understand some of the charges, and that she felt the jury was racially biased. Wilson further averred that the jury foreperson admitted to discussing the case with his wife, who worked for the court system, and that one of the jurors worked in the medical field and obtained information about the victim that was not presented at trial. The state moved to dismiss, asserting the trial court lacked jurisdiction to consider Pippins's postconviction relief petition because it was untimely and because Pippins failed to establish any of the criteria for an exception to the statutory deadline. The state further argued that any jury misconduct claims based on the Wilson affidavit were barred by res judicata and that Pippins failed to show any cognizable claim of constitutional error.

{¶ 4} The trial court summarily denied Pippins's postconviction relief petition in an order issued on September 29, 2025.

## II. Assignments of Error

{¶ 5} Pippins appeals and assigns the following three assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN DENYING THE MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL
>
> [II.] THE TRIAL COURT ERRED IN APPLYING RES JUDICATA TO THE CLAIMS RAISED IN THE POST-CONVICTION PETITION
>
> [III.] THE TRIAL COURT ERRED IN NOT HOLDING AN EVIDENTIARY HEARING

## III. Discussion

### A. Whether the trial court erred by denying the postconviction relief petition based on failure to establish an exception to the statutory timeliness requirement

{¶ 6} Pippins argues in his first assignment of error that the trial court erred by denying his petition for postconviction relief because he satisfied the criteria for an exception to the statutory deadline for filing a postconviction relief petition. Pippins asserts he was unavoidably prevented from discovering the information forming the basis for his postconviction relief petition within the statutory period for filing a timely petition. Pippins also asserts that but for the alleged jury misconduct, no reasonable factfinder would have found him guilty.

{¶ 7} A petition for postconviction relief is a collateral civil attack on a criminal judgment that "affords a petitioner the means to reach constitutional issues that could not be raised on direct appeal because the evidence supporting such issues is not in the record." *State v. L.A.A.*, 2020-Ohio-643, ¶ 16 (10th Dist.). Postconviction relief petitions are governed by R.C. 2953.21(A). *Id.* When a direct appeal has been filed, a postconviction relief petition must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). Pippins filed his direct appeal in February 2015; therefore, the filing of his postconviction relief petition in September 2025 was well beyond the 365-day period set forth under R.C. 2953.21(A)(2).

{¶ 8} A trial court lacks jurisdiction to consider the merits of an untimely petition for postconviction relief unless the petitioner establishes an exception to the timeliness requirement. *L.A.A.* at ¶ 19. *See State v. Apanovitch*, 2018-Ohio-4744, ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition."). As relevant to this appeal, a petitioner may establish an exception by satisfying the two-pronged test contained in R.C. 2953.23(A)(1). Under that test, the petitioner must demonstrate that he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." R.C. 2953.23(A)(1)(a).[2] The petitioner also must demonstrate "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). "Whether a trial court has jurisdiction to consider an untimely petition for postconviction relief is a question of law to which we apply a de novo standard of review." *L.A.A.* at ¶ 19.

{¶ 9} An individual is "unavoidably prevented" from discovering the facts upon which a postconviction relief petition is based when he was "unaware of the facts relied on for the claim for relief and was unable to become aware of such facts through reasonable diligence." *Id.* at ¶ 18. The Supreme Court of Ohio addressed the meaning of the

---

[2] Alternatively, a petitioner may establish that, after the filing deadline under R.C. 2953.21(A)(2) or after an earlier petition was filed, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1)(a). This portion of the statute does not apply in the present case because Pippins does not assert that his petition is based on a newly recognized federal or state right.

"unavoidably prevented" standard in a case where the defendants filed an untimely motion for new trial under Crim.R. 33(B) based on claims of juror misconduct.[3] *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990). The Supreme Court noted that one of the defendants' attorneys interviewed several jurors immediately after the verdict was rendered. The attorneys asked about the jurors' impressions of the case but did not question them about other jurors' conduct or the jury's deliberations. *Id*. at 75. The attorneys did not make any attempt to ascertain whether there had been any jury misconduct before the time for filing a timely motion for new trial and only became aware of the alleged juror misconduct after the deadline, when one of the jurors volunteered a statement about another juror's conduct. *Id*. The Supreme Court concluded that because the attorneys had made no attempt to determine any misconduct, the defendant had not been unavoidably prevented from discovering any alleged juror misconduct within the time for filing a timely motion for new trial. *Id*.

{¶ 10} The First District Court of Appeals considered a similar case, where an untimely motion for leave to file a motion for new trial was supported by an affidavit from one of the trial jurors averring that the evidence was not strong enough to convict the defendant beyond a reasonable doubt and that the guilty verdict was based on peer pressure by the jurors. *State v. Brand*, 2023-Ohio-3321, ¶ 3 (1st Dist.). The First District concluded the defendant failed to establish that he had been unavoidably prevented from discovering that the juror's verdict may have been coerced within the time for filing a motion for new trial. *Id*. at ¶ 8. The court noted that the juror's affidavit did not explain the circumstances of making his affidavit and why he chose to come forward eight years after the guilty verdict. *Id*. The court further noted that there was no information about how the juror's affidavit was obtained and no evidence as to whether the defendant tried to contact or question the jurors after the verdict was rendered. *Id*. *See State v. Hutton*, 2022-Ohio-4509, ¶ 22 (8th Dist.) ("Furthermore, appellant has also not shown he was unavoidably prevented from obtaining the affidavit of juror Harris. Appellant could have obtained an affidavit from the juror at any time and has made no showing that he was unavoidably prevented from doing so."); *State v. Chavis-Tucker*, 2014-Ohio-3050, ¶ 8 (10th Dist.) ("Appellant's only attempt

---

[3] The Supreme Court of Ohio has stated that " '[t]he "unavoidably prevented" requirement in Crim.R. 33(B) mirrors the "unavoidably prevented" requirement in R.C. 2953.23(A)(1).' " *State v. Bethel*, 2022-Ohio-783, ¶ 59, quoting *State v. Barnes*, 2018-Ohio-1585, ¶ 28 (5th Dist.).

to demonstrate that he was unavoidably prevented from discovering the grounds to support his motion [for new trial] is his claim that he had no way of securing the information about the alleged juror misconduct until now. . . . Further, appellant does not explain how he finally did obtain this information, why it took him so long to do so, and why he could not have discovered it earlier.").

{¶ 11} Pippins asserts he was unavoidably prevented from obtaining the information contained in Wilson's affidavit until she voluntarily came forward.  Pippins claims Wilson did not come forward sooner due to fear of violating juror secrecy requirements, emotional distress, and uncertainty about whether she could discuss jury deliberations.  Contrary to Pippins's assertions, however, there is nothing in Wilson's affidavit establishing why she did not come forward to provide this information until August 2025.  Instead, Wilson merely averred that "[r]ecently, I have had the opportunity to discuss these matters with Defendant's family and realized that Mr. Pippins had no knowledge of these issues with the jury." (Wilson Aff. at ¶ 16.)  The trial record also belies any claim that Wilson believed she was not permitted to discuss the case.  When discharging the jury, the trial court expressly advised the jurors that "[y]ou are now free to talk to any and all whom you want to talk to." (Tr. Vol. 21 at 4385.)  Moreover, as discussed in our prior decision, Wilson freely expressed her concerns and confusion with the trial court and counsel. *See Pippins*, 2020-Ohio-503, at ¶ 40-55 (10th Dist.).  This should have alerted Pippins and his counsel that Wilson would have been a possible source for evidence to support a motion for new trial or a postconviction relief petition.  Yet there is no indication that any effort was made to contact or interview Wilson prior to August 2025, which was a decade after Pippins was convicted.  Under these circumstances, Pippins has failed to establish that he was unavoidably prevented from discovering the facts relied on in support of his postconviction relief petition within the time for filing a timely petition under R.C. 2953.21.  Because Pippins failed to demonstrate he was unavoidably prevented from discovering this information, the trial court lacked jurisdiction to consider the merits of his petition and did not err by denying it.[4]

---

[4] As the state notes in its brief on appeal, in some decisions this court has stated that the proper remedy in this scenario would be a dismissal for lack of jurisdiction rather than a denial of the untimely postconviction relief petition. *See State v. Banks*, 2012-Ohio-3770, ¶ 11 (10th Dist.); *State v. Elkins*, 2010-Ohio-4605, ¶ 16 (10th Dist.); *State v. Hamilton*, 2004-Ohio-2573, ¶ 9 (10th Dist.). Consistent with those decisions, we conclude that the trial court did not err by denying Pippins's petition, although dismissal of the petition for lack of jurisdiction technically would have been the correct result.

{¶ 12} Accordingly, we overrule Pippins's first assignment of error.

## B. Whether the trial court erred by denying the postconviction relief petition based on res judicata

{¶ 13} In his second assignment of error, Pippins argues his postconviction relief petition was not barred by res judicata because it relied on evidence outside the trial record. The state asserts Pippins's petition was barred by res judicata to the extent it relies on Wilson's claims that the jury's deliberations were contentious and that her decision resulted from pressure or confusion, arguing those claims were fully addressed by the trial court and on direct appeal.

{¶ 14} Res judicata bars any claim in a postconviction review petition that was or could have been raised at trial or on direct appeal. *L.A.A.*, 2020-Ohio-643, at ¶ 16 (10th Dist.). In this case, the trial court's summary order denying Pippins's petition did not refer to the doctrine of res judicata. Therefore, it is unclear whether the trial court relied on res judicata as a basis for denying Pippins's petition. Moreover, as explained above, the trial court lacked jurisdiction over Pippins's untimely postconviction relief petition because he failed to establish an exception to the statutory timeliness requirement. Because the trial court properly dismissed Pippins's petition on that basis, his assertion that the trial court erred by applying res judicata is rendered moot. *See State v. Martin*, 2025-Ohio-144, ¶ 66 (11th Dist.) ("A review of the appealed judgment indicates that the court discussed res judicata in the context of its 'unavoidably-prevented' analysis. Since we have found no error in the trial court's determination, any error in the court's application of res judicata would be harmless or moot."); *State v. Weir*, 2022-Ohio-163, ¶ 14 (11th Dist.) ("As the petition was untimely, and Weir failed to establish he was unavoidably prevented from discovery of facts on which he relies, on this basis alone the trial court did not err in failing to grant relief. . . . We need not address Weir's first assigned error pertaining to whether Weir's arguments were barred by res judicata, as our disposition of the second assigned error renders the first assigned error moot.").

{¶ 15} Accordingly, we dismiss Pippins's second assignment of error as moot.

## C. Whether the trial court erred by denying the postconviction relief petition without a hearing

{¶ 16} In his third assignment of error, Pippins asserts the trial court abused its discretion by denying his postconviction relief petition without conducting an evidentiary hearing on the petition.

{¶ 17} "A petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition." *State v. Hill*, 2021-Ohio-3899, ¶ 15 (10th Dist.). To warrant an evidentiary hearing, the petitioner must provide evidence that demonstrates a cognizable claim of constitutional error—i.e., that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. *Id.* *See* R.C. 2953.21(A)(1)(a)(i). A petitioner "must provide evidentiary documentation setting forth specific operative facts to support his claims" to obtain a hearing on the petition. *State v. Michie*, 2020-Ohio-3152, ¶ 7 (10th Dist.), citing *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983). "A petition may be denied without an evidentiary hearing where the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Hill* at ¶ 15, citing *State v. Calhoun*, 1999-Ohio-102, paragraph two of the syllabus. We review a trial court's decision to deny a postconviction relief petition without a hearing for abuse of discretion. *Id.* at ¶ 13. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 18} As explained in our discussion of the first assignment of error, a trial court lacks jurisdiction to consider the merits of an untimely petition for postconviction relief unless the petitioner establishes an exception to the timeliness requirement. *L.A.A.*, 2020-Ohio-643, at ¶ 19 (10th Dist.). This court has held that when a trial court lacks jurisdiction over an untimely postconviction relief petition because the petitioner failed to establish an exception to the timeliness requirement, the court does not err by denying the untimely petition without an evidentiary hearing. *State v. Black*, 2022-Ohio-3119, ¶ 16 (10th Dist.) ("Because Black's petition was untimely and he failed to satisfy the requirements of R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider the merits of the petition and did not err by denying it without an evidentiary hearing."). *See State v. Gordon*, 2025-Ohio-1237, ¶ 20 (10th Dist.) ("Because Gordon failed to demonstrate his entitlement to an exception that would allow the trial court to consider his untimely eighth postconviction relief petition, the trial court did not possess jurisdiction to entertain the petition, and did not err in dismissing Gordon's petition without a hearing."); *State v. Jackson*, 2019-Ohio-4995, ¶ 27 (10th Dist.) (holding trial court did not abuse its discretion by canceling previously scheduled hearing on untimely postconviction relief petition because it lacked jurisdiction over the petition); *State v. Kane*, 2017-Ohio-7838, ¶ 20 (10th

Dist.) ("Because the trial court lacked jurisdiction to consider appellant's petition, the trial court was not required to hold an evidentiary hearing."); *see also State v. Peoples*, 2006-Ohio-2614, ¶ 10 (1st Dist.) ("[T]he purpose of a hearing on a postconviction claim is to aid the court in determining the claim on its merits. It follows that the court need not conduct a hearing on a postconviction claim that the court has no jurisdiction to entertain."). In this case, the trial court lacked jurisdiction to consider the merits of Pippins's petition because he failed to demonstrate that he was unavoidably prevented from discovering the information relied on in support of the petition. Because the trial court lacked jurisdiction to consider the merits of the petition, it did not err by denying the petition without a hearing.

{¶ 19} Accordingly, we overrule Pippins's third assignment of error.

## IV. Conclusion

{¶ 20} For the foregoing reasons, we overrule Pippins's first and third assignments of error and dismiss his second assignment of error as moot. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and DINGUS, JJ., concur.

———————————